PEOPLE ex rel. RODGERS v. COLER et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. PUBLIC IMPROVEMENTS—OPENING BIDS.
    Under Consol. Act, § 64, requiring all bids to be publicly opened by the officer advertising for them, where a street commissioner advertising for bids for a public improvement is absent from his office at the time set for opening them, the opening of the bids by his secretary is a nullity.

2. SAME—APPROVING SURETIES.
   Where bids were opened in the absence of the officer advertising for them, in violation of Consol. Act, § 64, the city comptroller may refuse to approve the sureties offered by the lowest bidder, or to act on the report of the award made by the officer, and need not wait until the application for a contract is presented before objecting to the irregularity.

Appeal from special term, New York county.

Mandamus by the people, on the relation of William J. Rodgers, against Bird S. Coler, as comptroller of the city of New York, and another. From an order denying a motion for peremptory writ, the relator appeals. Affirmed.

In pursuance of an ordinance passed by the common council of the city of New York, on November 9, 1897, Louis F. Haffen, commissioner of street improvements of the 23d and 24th wards, duly prepared estimates for the regulating and grading of Woodlawn road from Jerome avenue to Bronx Park, and advertised, as required by law, that bids therefor would be received by him at his office, 3d avenue and 177th street, in the city of New York, until 11 o'clock a. m. on Friday, December 31, 1897, when the bids would be publicly opened. Pursuant to this advertisement, the relator duly deposited his bid; and on the opening of the bids by the secretary of the commissioner, in the latter's absence, he being at the mayor's office, in the city hall, the relator was found to be the lowest bidder, and the commissioner transmitted the relator's bid, with the agreement of his sureties, to the comptroller for his approval of the security offered. The comptroller refused to examine or approve the sureties offered by the relator, on the ground that the commissioner of street improvements was not present at the opening of the bids, as required by section 64 of the New York City consolidation act, which provides that "all bids or proposals shall be publicly opened by the officers advertising for the same."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

L. L. Kellogg, for appellant.
T. Connoly, for respondents.

VAN BRUNT, P. J. It seems to us, upon a reading of the statute, that it was the intention of the legislature that there should be no relaxation of the requirement that all bids or proposals should be publicly opened by the officer or officers advertising for the same. This is not only explicitly required by the language of the statute, but the fact that there is also a requirement that such opening shall take place in the presence of the comptroller, followed by the further provision that the opening of the bids shall not be postponed if the comptroller shall, after due notice, fail to attend, emphasizes the intention that such opening should not take place except in the presence of the officers advertising for the bids or proposals. The absence of the comptroller may be excused, but the absence of the officer advertising for the bids cannot be dispensed with. The legislature has been explicit in stating whose absence after due notice shall not postpone the opening of the bids. It was manifestly intended that the other officers mentioned in the statute must of necessity be present. These provisions are salutary in their nature, and intended to prevent the manipulation of bids before they come to the hands of the officer who is to report the same to the comptroller; and, there being no

provision for action in the absence of certain officers, procedure without their presence is manifestly irregular and contrary to law. Under the conceded facts, therefore, the opening of the bids in the case at bar was a nullity.   The provisions of law were not complied with, and the subsequent action of the commissioner of street improvements was entirely without authority.   He had no power to waive the requirements of the statute, and to make that legal which was clearly prohibited by the provisions of law.

The only other question which remains to be considered is wheth-er this objection can be taken by the comptroller at the present time, or whether it should be determined when the application for a contract is presented.   We think city officials cannot be called upon to do any act in furtherance of procedure which had no legal inception.   The commissioner of street improvements having no au-thority to make any report to the comptroller, the court should not compel the comptroller to act thereon.

The order should be affirmed, with costs.   All concur.